# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-1526V

---

SARAH VOELLER, *natural parent and legal guardian, on behalf of N.V., a minor*,

                    Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

                    Respondent.

---

Chief Special Master Corcoran

Filed: April 1, 2024

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 4, 2020, Sarah Voeller, as natural parent and legal guardian, filed a petition on behalf of her minor child, N.V., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that N.V. suffered from Guillain-Barré syndrome as a result of an

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

influenza and varicella vaccines received on January 23, 2018. Petition at 1. On July 6, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 41.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $77,308.57 as follows:

1. $73,373.81 (representing $63,219.50 for fees and $10,154.31 for costs) for her current Petitioner's counsel, David Carney (Green & Schafle, LLC);
2. $1,122.50 for fees for her prior Petitioner's counsel, Kate Westad, while at her current law firm (SiebenCarey P.A.); and
3. $2,812.26 (representing $2,785.00 for fees and $27.26 for costs) for her prior Petitioner's counsel, Kate Westad while at her former law firm (Larkin Hoffman Law Firm).

Petitioner's First Application for Fees and Costs, filed Feb. 4, 2024, at 1-4, 13, ECF No. 46. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 87.

Respondent reacted to the motion on February 15, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 47. Petitioner did not file a reply.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for

2

the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A.  Hourly Rates

Petitioner requests hourly rates for attorneys and paralegals at performing work in this matter as follows:

| | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| David J. Carney, Esq. | | | $350 | $375 | $400 | $425 | $450 |
| Adam M. Green, Esq. | | | X | X | $425 | X | X |
| Evan R. Baker - Law Student | | | X | $150 | X | X | X |
| Paralegals – Green & Schafle, LLC | | | $145 | $145 | $145 | X | X |
| Kate Westad, Esq. | $350 | $350 | $350 | | | | |
| Paralegal – Larkin Hoffman | $140 | $140 | | | | | |

ECF No. 46 at 2-3, 15-35. The hourly rates requested for Mr. Carney, Mr. Green, Ms. Baker (as law student), the paralegals at Green & Schafle, LLC, Ms. Westad, and the paralegal at Larkin Hoffaman Law Firm for all time billed in the 2018-2023 period are reasonable and consistent with prior determinations. Additionally, Petitioner has also

requested a 2024 attorney hourly rate of $450 for work performed by David Carney - representing a rate increase of $25, which I also find to be reasonable. *Id.* at 34-35.

However, a few of the tasks performed by Mr. Carney are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). This reduces the amount of fees to be awarded by **$823.50**.[4]

## B. Billed Hours

Regarding the number of hours billed, some adjustments also are merited. First, attorney Adam Green billed 1.1 hours on April 14, 2022, for researching and drafting the "Legal Standard" section of the damages brief. ECF No. 46 at 28. However, the resulting section is virtually *identical* to the content of previous briefs filed by Petitioner's counsel in other cases. Review of the damages briefing from the same counsel from 2021 to the present, and filed in 29 *other* SPU SIRVA cases requiring a substantive damages decision, reveals multiple similarities related to the "Legal Standard" sections containing discussions of authority existing for at least ten years - with only minor changes, or slight, non-substantive differences in how paragraphs were ordered. For example, the briefing in this case is strikingly similar to what counsel filed in 2021 (the year prior to the briefing in this case) in *Boyd v. Sec'y of Health & Hum. Servs.,* No. 19-1107V at ECF No. 29; *McCabe v. Sec'y of Health & Hum. Servs.,* No. 19-1916V at ECF No. 26; *Hartman v. Sec'y of Health & Hum. Servs.,* No. 19-1106V at ECF No. 32; *Niemi v. Sec'y of Health & Hum. Servs.,* No. 19-1535V at ECF No. 31; *Morrison-Langehough v. Sec'y of Health & Hum. Servs.,* No. 19-1103V at ECF No. 42; *Carlow v. Sec'y of Health & Hum. Servs.,* No. 19-1449V at ECF No. 25; *Buckley v. Sec'y of Health & Hum. Servs.*, No. 19-1602V at ECF No. 23; *Guerrero v. Sec'y of Health & Hum. Servs.,* No. 20-0851V at ECF No. 30; *Clappe-Mixell v. Sec'y of Health & Hum. Servs.,* No. 19-1538V at ECF No. 36; *Black v. Sec'y of Health & Hum. Servs.,* No. 20-0777V at ECF No. 24; *Miller v. Sec'y of Health &*

---

[3] These entries describing the preparation of a notice of filing, the bates stamping medical records, and filing both documents are dated as follows: 11/3/20, 11/18/20 (two entries), 4/14/21, 4/21/22, 7/6/22, and 11/17/22. ECF No. 46 at 22-23, 29-30, 32.

[4] This amount consists of ($350 - $145) x 2.2 hrs. + ($375 - $145) x 0.4 hrs. + ($400 - $145) x 1.1 hrs. = $823.50.

*Hum. Servs.,* No. 20-0604V at ECF No. 31; *Klausen v. Sec'y of Health & Hum. Servs.,* No. 19-1977V at ECF No. 44 (in chronological order). Attorney's fees which included 1.4 to 1.8 hours, respectively, for work by Mr. Green, have already been awarded in those cases.

"If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). While I do not fault counsel for recycling "boilerplate" in briefs that is relevant in different cases, it is not appropriate to bill fully for such work either when it is not novel (or only requires minor updating). Accordingly, I will award only .5 hours of time for this task, reducing the time billed by 0.6 hours. **This results in a reduction of $255.00.[5]**

Second, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive. *See* Status Report, filed Feb. 22, 2022, ECF No. 27 (reporting an impasse in damages discussions); Petitioner's Motion on Damages, filed Apr. 25, 2022, ECF No. 29; Petitioner's Reply Brief in Support of Petitioner's Motion for Ruling on the Record and Brief in Support of Damages, filed Sept. 2, 2022, ECF No. 37. After accounting for the reduction already mentioned, Petitioner's counsel expended approximately 22.3 hours drafting the damages brief and 16.8 hours drafting the reply damages brief, totaling 39.1[6] hours. ECF No. 46 at 28-32.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 15.4 hours – and I am therefore awarding fees associated with that task in full.[7] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations or preparing for or participating in the Expedited Motions Day hearing, which is also being awarded in full. *See,* e.g., ECF No. 46 at 31 (8/25/22 entry).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to

---

[5] This amount is calculated as follows: 0.6 hrs. x $425 = $255.00.

[6] This total is calculated as follows: 29.2 hours billed on: 9/15/22, 9/16/22, 9/17/22, 9/18/22, 9/26/22, 9/27/22, 9/28/22, 10/21/22, 10/22/22, 10/24/22, and 10/25/22, by Adam Green at a rate of $425; and 9.9 hours billed on: 11/17/23 and 12/1/23, by David Carney at a rate of $400.

[7] This time was billed by Evan Baker, using an hourly rate of $150 and Dave Carney, using an hourly rate of $375, and results in $4,380.00 in attorney's fees. ECF No. 46 at 25-26.

time spent in this matter),[8] in which attorneys have accomplished this task in about half the time.[9] *See,* e.g., *Staffaroni v. Sec'y of Health & Hum. Servs.*, No. 21-1951V (Nov. 2, 2023) (19.2 and 5.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Granville v. Sec'y of Health & Hum. Servs.*, No. 21-2098V (Oct. 25, 2023) (16.4 and 6.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Schenck v. Sec'y of Health & Hum. Servs.*, No. 21-1768V (Oct. 20, 2023) (8.0 and 3.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Weil v. Sec'y of Health & Hum. Servs.*, No. 21-0831V (Oct. 20, 2023) (14.5 and 1.5 hours billed for drafting a damages brief and reviewing Respondent's responsive damages brief, respectively); *Hernandez v. Sec'y of Health & Hum. Servs.,* No. 21-1572V (July 21, 2023) (14.7 hours billed for drafting a damages brief); *Miles v. Sec'y of Health & Hum. Servs.*, No. 20-0146V (July 20, 2023) (16.4 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Merchant v. Sec'y of Health & Hum. Servs.,* No. 20-0450V (July 12, 2023) (15.5 and 2.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Elenteny v. Sec'y of Health & Hum. Servs.*, No. 19-1972V (May 31, 2023) (16.7 hours billed for drafting a damages brief); *Miller v. Sec'y of Health & Hum. Servs.,* No. 21-1559V (May 30, 2023) (17.5 and 4.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to the damages briefing. The only areas of dispute involved the appropriate amount of compensation for Petitioner's past pain and suffering and whether annuity for future medical expenses is needed. *See Voeller v. Sec'y of Health & Hum. Servs.,* No. 20-1526V, 2023 WL 5019830, at *1 (Fed. Cl. Spec. Mstr. July 6, 2023). The parties' views differed by $102,000.00 - Petitioner sought $190,000.00, and Respondent countered with $88,000.00. Although I denied Petitioner's request for future medical expenses, I ultimately awarded was close to that proposed by Petitioner($185,000.00) – supporting the *need* for damages briefing. *Id.* However, I still find the amount of time expended to be excessive, but will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Callejas v. Sec'y of Health & Hum. Servs.,* No. 20-1767V, 2023 WL 9288086 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

Of course, having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 39.1 hours, or**

---

[8] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[9] These decisions can be found on the United States Court of Federal Claims website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited March 24, 2024).

**$16,370.00)** by *twenty percent*. Such an across-the-board reduction (which I am empowered to adopt)[10] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $3,274.00.[11]**

## ATTORNEY COSTS

Petitioner requests $10,154.31 in costs to Mr. Carney's firm and $27.26 in costs to Larkins Hoffman Attorneys.  ECF No. 46 at 2. She has provided receipts for all except $9.87 in postage costs, which I will nevertheless allow. *Id.* at 37-85; 94-95. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $72,956.07[12] as follows:**

- **A lump sum of $69,021.31, representing reimbursement in the amount of $58,867.00 for attorney's fees and in the amount of $10,154.31 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, David J. Carney; and**

---

[10] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[11] This amount is calculated as follows: (29.2 hrs. x $425 x .20) + (9.9 hrs. x $400 x .20) = $3,274.00.

[12] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $1,122.50, representing reimbursement for attorney's fees, in the form of a check payable jointly to Petitioner and Petitioner's former counsel's current law firm, SiebenCarey, P.A.; and**

- **A lump sum of $2,812.26, representing reimbursement in the amount of $2,785.00 for attorney's fees and in the amount of $27.26 for attorney's costs, in the form of a check payable to Petitioner and Petitioner's former counsel's prior law firm, Larkin Hoffman Law Firm.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[13]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.